**Affirmed and Opinion filed June 20, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00097-CR

## BRAYLON DAMON CLOUD, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 21st District Court
Washington County, Texas
Trial Court Cause No. 17841**

### O P I N I O N

Appellant Braylon Damon Cloud appeals his conviction for failure to comply with a sex-offender registration requirement. In a single issue he challenges the sufficiency of the evidence to support his conviction. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant, who twice had been convicted of sexual assault of a child, was required by statute to register as a sex offender and to meet ongoing sex-offender registration requirements. Following his release from prison for the second

conviction, appellant moved in with his sister in Brenham, Texas. In complying with the sex-offender registration requirement that he verify his registration every 90 days, on April 8, 2016, appellant verified to the Brenham Police Department that his sister's home address was the address at which he resided. Three months later, on July 11, 2016, appellant again verified to the Brenham Police Department that his sister's home address was the address at which he resided.

Law enforcement officials received information from appellant's sister that appellant had moved to Austin in June 2016. Appellant was charged by indictment alleging that appellant "as a person required to register with local law enforcement where [appellant] resided or intended to reside for more than seven days. . . because of a reportable conviction for sexual assault of a child, intentionally or knowingly fail[ed] to provide the actual address at which the [appellant] resided."

Appellant pleaded "not guilty." In the bench trial that followed the trial court found appellant guilty as charged. After finding the enhancement paragraphs to be true, the trial court assessed punishment at the minimum term of confinement based on those findings.

## II. ISSUE AND ANALYSIS

In his sole issue appellant challenges the sufficiency of the evidence to support his conviction. In evaluating this challenge, we view the evidence in the light most favorable to the finding. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). We may not overturn the finding of guilt unless we conclude it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The trier of fact "is the sole judge of the credibility of the witnesses and of the strength of the

evidence." *Fuentes v. State,* 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The trier of fact may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). If any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

One commits a criminal offense if one is "required to register and fails to comply with any requirement of" chapter 62 of the Code of Criminal Procedure, entitled "Sex Offender Registration Program." *See* Tex. Code Crim. Proc. art. 62.102(a); *Young v. State*, 341 S.W.3d 417, 425 (Tex. Crim. App. 2011). A person with a "reportable conviction" must register with the relevant local law-enforcement authority where the person resides or intends to reside more than seven days. Tex. Code Crim. Proc. art. 62.051(a). A "reportable conviction" includes a conviction for sexual assault. *Id.* art. 62.001(5)(A) (Vernon 2018). A person, like appellant, convicted of two or more "sexually violent offenses" is required to "report to the local law enforcement authority designated as the person's primary registration authority . . . not less than once in each 90-day period following the date the person first registered . . . to verify the information in the registration form maintained by the authority for that person." Tex. Code Crim. Proc. art. 62.058(a) (West, Westlaw through 2017 R.S.). A person who is required to verify registration must ensure that the person's registration form is complete and accurate with respect to each item of information required by the form in accordance with subsection (c), including the address at which the person resides. Tex. Code Crim. Proc. art. 62.051(c),(g) (West, Westlaw through 2017 R.S.). When a person reports to the local law enforcement authority to verify registration, the local law enforcement authority must obtain proof

3

of the person's identity and residence and then give the person's registration form to the person for verification. Tex. Code Crim. Proc. art. 62.058(c). If the information in the registration form is complete and accurate, the person must "verify registration by signing the form." *Id*. If the information is not complete or not accurate, the person must make any necessary additions or corrections before signing the form. *Id*.

The Court of Criminal Appeals has concluded that because Chapter 62's registration requirements are triggered only by a person's duty to register, an offense under article 62.102(a) requires a culpable mental state only regarding the circumstances of the conduct. *See Robinson v. State*, 466 S.W.3d 166, 172 (Tex. Crim. App. 2015). Although Penal Code section 6.02(c) generally requires that the culpable mental states of intent, knowledge, or recklessness apply when reading mental culpability into the statute under section 6.02(b), the statutory definition of "intent" contains no provision for circumstances surrounding conduct, unlike the definitions of "knowledge" and "recklessness." *See* Tex. Pen. Code Ann. §§ 6.02, 6.03 (West, Westlaw through 2017 R.S.); *Robinson*, 466 S.W.3d at 172. Therefore, the high court has determined that intent does not apply to offenses under article 62.102(a). *Robinson*, 466 S.W.3d at 172. Additionally, the Court of Criminal Appeals has determined that the culpable mental states of "knowledge" and "recklessness" apply to the duty-to-register element but not to the failure-to-register element of an offense under article 62.102(a). *Id*. at 172, 173. Thus, for an offense under article 62.102(a), the State must prove beyond a reasonable doubt that the defendant (1) knew or was reckless about whether the defendant had a duty to register as a sex offender, and (2) failed to comply with the Chapter 62 requirement the defendant allegedly violated. *Id*.; *Febus v. State*, 542 S.W.3d 568, 573 (Tex. Crim. App. 2018).

At trial, Texas Department of Public Safety's special agent Rebecca Salazar testified that appellant's prior offenses required that he register as a sex offender. The

4

trial court admitted into evidence authenticated copies of two judgments reflecting appellant's two prior sexual-assault-of-a-child convictions, each of which states that appellant was subject to Chapter 62's sex-offender registration requirements. Agent Salazar testified that following appellant's release from incarceration, on April 8, 2016, appellant registered 1008 West 1st Street in Brenham, Washington County, Texas as his address ("the Registered Address."). Both Agent Salazar's testimony and documentary evidence admitted at trial show that on July 11, 2016, appellant verified his registration and verified that his address was the Registered Address.

The uncontested evidence shows that appellant was a person required to register, and specifically that he was required either to verify that the Registered Address remained correct or provide his correct address before signing the form to verify his registration. *See* Tex. Code Crim. Proc. art. 62.058(c).

Agent Salazar testified that on August 4, 2016, as part of a joint task force effort with local law enforcement agencies in Washington County, the Department of Public Safety conducted a compliance check during which she attempted to locate appellant at the Registered Address. When Agent Salazar did not find appellant at the Registered Address, she spoke with appellant's sister, who provided both an oral statement and a sworn written statement. In both statements, the sister stated that appellant had been living with her at the Registered Address but that he had moved. Salazar testified that she learned, through appellant's sister, that appellant had not been living at the Registered Address for a month or two.

Appellant's sister was subpoenaed to testify at trial but did not appear until compelled by a writ of attachment. Appellant's sister testified that appellant moved in with her after his release from prison, but she had trouble recalling what year appellant lived with her and she was unsure when he moved out, though she believed it was the summer of 2016. After she was offered immunity for perjury, appellant's sister contradicted her pre-trial statement to Agent Salazar and testified at trial that

appellant did reside with her at the Registered Address on the date of the compliance check. The trial court admitted appellant's sister's earlier videotaped oral statement into evidence for impeachment purposes during appellant's sister's testimony.

The trial court, as the factfinder, was free to disbelieve appellant's sister's testimony that appellant resided with her on the date of the compliance check and instead credit Agent Salazar's testimony about what she learned from appellant's sister on the day of the compliance check. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (stating that the factfinder is entitled to judge the credibility of the witness, observe their demeanor, reconcile conflicts in the evidence and disbelieve a witnesses' recantation). Appellant's sister confirmed that when Agent Salazar visited her at the Registered Address in August 2016, she told Agent Salazar that appellant had moved to Austin in June of 2016. Appellant's sister offered as an explanation of why her story had changed that she had been in an argument with appellant and she had gotten very little sleep. Appellant's sister also stated that she did not know at the time that her statement would get appellant in trouble. Agent Salazar testified that appellant's sister was "coherent" and "fine" and that she did not appear angry or vindictive toward appellant at the time she gave the earlier statements. As the factfinder, the trial court was free to disregard appellant's sister's recantation and to believe the other evidence. *See id*.

Appellant points to the First Court of Appeals's opinion in *Silber v. State* as support for his sufficiency challenge. 371 S.W.3d 605 (Tex. App. Houston [1st Dist.] 2012, no pet.). The facts in that case differ from those in today's case. In *Silber*, the evidence showed that the registered sex-offender was seldom seen at the registered address and that he frequently visited his parents, but no direct evidence showed that he had moved from the registered address. *Id*. at 613. By contrast, in today's case, the record contains evidence showing that appellant moved away from the Registered Address and no longer resided there.

Under the applicable standard review, we conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant failed to verify an accurate address on July 11, 2016, and failed to comply with the requirement that he provide his correct address before signing the form to verify his registration. *See* Tex. Code Crim. Proc. art. 62.058(c); *Kelley v. State*, 429 S.W.3d 865, 875 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd).

The record contains the verified copies of appellant's pre-release notification forms, which appellant signed and initialed indicating his awareness of a lifetime duty to register. The record also contains appellant's most recent pre-release form noting a verification requirement arising "every 90 days." The pre-release notification forms contain appellant's handwritten signature and a list of registration duties with appellant's handwritten initials next to each. The record evidence also shows that appellant previously had registered as a sex offender. Appellant does not assert that he was unaware of his registration duties. Based on the trial evidence, we conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant knew he had a duty to register as a sex offender and knew he had a duty to verify his registration. *See Robinson*, 466 S.W.3d at 172–73.

### III. CONCLUSION

Under the applicable standard of review, we conclude that a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. Accordingly, we overrule appellant's sole issue.

We affirm the trial court's judgment.


/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Bourliot and Poissant.

Publish — TEX. R. APP. P. 47.2(b).