**Affirmed and Memorandum Opinion filed August 12, 2021.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-20-00219-CR

**FERNANDO LUNA ESCOBEDO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Cause No. 79516-CR**

## MEMORANDUM OPINION

Appellant Fernando Luna Escobedo appeals his conviction for failure to comply with the statutory sex-offender registration requirements. In issue 1, appellant argues that the evidence is insufficient to support his conviction. In issue 2, appellant argues that the trial court erred in proceeding with appellant's trial despite his absence. We affirm.

# I.    BACKGROUND

Appellant was required by statute to register as a sex offender, verify his address every 90 days, and report any changes in address.[1] Tex. Code Crim. Proc. Ann. arts. 62.051(a), .058(a). In June 2015, appellant registered with the Clute Police Department and provided a residency address in Clute. Appellant verified the same Clute address in May 2016. Ten days later appellant's sister contacted the Clute Police Department and advised that her brother had been staying with her for at least a couple of weeks and she was uncomfortable with his living there. Officers from the Clute Police Department then went to appellant's Clute address to confirm his residency. The officers found Jeff Hart at the address. Hart stated that appellant was not there, did not live at the address, and had not lived at the address for at least six months. Appellant was charged by indictment with the third-degree felony of failure to register as a sex offender—enhanced. Tex. Code Crim. Proc. Ann. art. 62.102(b)(2).

Appellant pleaded "not guilty." A jury trial began with appellant present on April 3, 2018. However, on April 4, appellant failed to appear. Just before trial was set to resume, appellant called his attorney and stated that he was on his way. The trial court delayed proceedings for thirty minutes, at which time appellant's counsel attempted to unsuccessfully contact appellant again. The trial court then determined the proceedings would continue without appellant's presence pursuant to Code of Criminal Procedure article 33.03.[2] Defense counsel made no objection

---

[1] This was appellant's second conviction for indecency with a child, which is defined as a "sexually violent offense." Tex. Code Crim. Proc. Ann. art. 62.001(6).

[2] Code of Criminal Procedure article 33.03 states:

> PRESENCE OF DEFENDANT. In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant

and did not request any further continuance. Trial continued and the trial court noted appellant's continued absence at regular intervals throughout the day. Appellant made no further attempts to contact his counsel or the court.

The jury found appellant guilty. Appellant pleaded true to four enhancement paragraphs for the felony convictions for burglary of a vehicle, failure to stop and render aid, aggravated assault, and burglary of a habitation. Enhancement paragraphs were read in open court after which the jury assessed punishment at imprisonment for 55 years based on those findings.

## II.   ANALYSIS

### A.   Evidence was sufficient to support appellant's conviction

Appellant contends that the State has not proven beyond a reasonable doubt that appellant moved from the address in Clute, Texas where he was registered as a sex offender, to another residence.

#### 1.   Standard of review

When determining if evidence is sufficient to sustain a conviction, we apply the *Jackson v. Virginia* standard. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). This standard requires the appellate court to determine whether, considering all the evidence in the light most favorable to the verdict and reasonable inferences therefrom, a rational jury could have found the essential

---

voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial. Provided, however, that the presence of the defendant shall not be required at the hearing on the motion for new trial in any misdemeanor case.

Tex. Code Crim. Proc. Ann. art. 33.03.

elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Brooks*, 323 S.W.3d at 899. In doing so, we defer to the fact finder's credibility and weight determinations, because the fact finder is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899. This standard recognizes "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319; *see also Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011).

The essential elements of an offense are determined by state law. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011). We measure sufficiency to support a conviction by comparing the evidence presented at trial to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge reflects the governing law, the charging instrument, the State's burden of proof and theories of liability, and an adequate description of the offense for the particular case. *Id*.

### 2. Applicable law

Code of Criminal Procedure chapter 62 defines the scope of Texas's sex-offender-registration program and delineates the legal duties of those who administer it and those subject to its requirements. *See generally* Tex. Code Crim. Proc. Ann. arts. 62.001–.408. A person is required to register "with the local law enforcement authority in any municipality where he resides or intends to reside for more than seven days" if he has a "reportable conviction or adjudication." Tex. Code Crim. Proc. Ann. art. 62.051(a). "If a person required to register under this chapter intends to change address . . . the person shall, not later than the seventh

4

day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority . . . and provide the authority and the officer with the person's anticipated move date and new address." Tex. Code Crim. Proc. Ann. art. 62.055(a). In any event, if a person required to register changes addresses, "the person shall, not later than the later of the seventh day after changing the address or the first date the applicable local law enforcement authority by policy allows the person to report, report in person to the local law enforcement authority in the municipality or county in which the person's new residence is located and provide the authority with proof of identity and proof of residence." *Id*.

Article 62.102(a) states that a person commits the offense of failure to comply with sex-offender registration "if the person is required to register and fails to comply with any requirement of this chapter." Tex. Code Crim. Proc. Ann. art. 62.102(a). Article 62.102(a) does not contain a culpable mental state, but "if the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element." Tex. Penal Code Ann. § 6.02(b). Therefore, article 62.102(a) is read to require intent, knowledge, or recklessness to establish criminal responsibility. *Id*. § 6.02(c); *see Robinson v. State*, 466 S.W.3d 166, 170 (Tex. Crim. App. 2015). The court of criminal appeals has held that article 62.102(a) is a "circumstances of conduct" offense because it prohibits otherwise innocent behavior that becomes a crime only under specific circumstances. *Robinson*, 466 S.W.3d at 170. While there is necessarily an additional conduct element, "the gravamen of the offense is the duty to register." *See id*. at 170–71. Proof of a culpable mental state applies only to the duty-to-register element, rather than the failure-to-comply element. *Febus v. State*, 542 S.W.3d 568, 573 (Tex. Crim. App.

2018) (citing *Robinson*, 466 S.W. 3d at 172). Therefore, in a prosecution for failure to register as a sex offender, it is sufficient if the State proves the defendant's awareness of the registration requirement, and they need not prove an additional culpable mental state regarding his failure to comply. *See Febus*, 542 S.W.3d at 573.

### 3. Application of law to facts

The hypothetically correct jury charge in this case authorizes a jury to convict appellant if (1) he was required to register as a sex offender, and (2) he failed to report an anticipated change of address seven days before the intended change, or appellant did not report his change of address before the seventh day after changing addresses. Tex. Code Crim. Proc. Ann. art. 62.055(a). There is no dispute in this appeal that appellant was required to register as a sex offender and was aware of his requirement to do so. Here, appellant challenges the sufficiency of the evidence on the second element of the offense—that he failed to report a change of address. Without Jeff Hart's testimony, appellant claims there is no evidence demonstrating that he changed his residence. Because he believes that Hart's testimony was "compromised by animosity against appellant," appellant argues that Hart's testimony should be disregarded. Appellant also asserts that the fact the police did not search the Clute address outweighs the probative value of Hart's testimony.

Evidence regarding appellant's residence primarily came from Hart. At trial, Hart testified that in May 2016 appellant was not living with him and had not lived with him for approximately six months. Hart's deceased brother had been married to appellant's sister. Through this connection, appellant had previously asked to stay with Hart. Although he agreed to allow appellant to stay for several weeks, Hart testified that at the time he was unaware that appellant was a registered sex

offender. When Hart became aware of appellant's status, he asked appellant to leave. Appellant did not leave any belongings at Hart's house. Although Hart testified that he had some disagreements with appellant in the past, he testified that he had no hatred or ill will towards appellant.

The jury also heard testimony from appellant's sister, Maria Escobedo. She confirmed that she had called the Clute Police Department in May 2016 stating her brother had been staying with her in Angleton for several weeks and she felt uncomfortable with her brother living at her house. However, at trial she explained her brother came and went and that he never left belongings at her house. He only brought a backpack with him. She also testified that ten days before her telephone call, and while he was staying with her, she had driven her brother to the Clute Police Department to verify his sex-offender registration.

Though appellant attempts to discredit Hart's testimony due to animosity, the jury was free to believe Hart's testimony about appellant's residency status and their relationship. Jurors, as exclusive judges of the facts, credibility of witnesses, and weight to be given witness testimony, may choose to believe or disbelieve some or all of a particular witness's testimony. *Febus*, 542 S.W.3d at 572. Appellant also argues that the fact the police did not search for appellant inside the Clute address outweighs Hart's testimony that appellant had not lived at the residence for at least six months. Though appellant does not develop this argument, he appears to suggest that the State was required to foreclose every possible defensive theory, including appellant's theory that he was living at the Clute residence in May 2016 and Hart lied. We disagree. "Legally sufficient evidence need not exclude every conceivable alternative to the defendant's guilt[.]" *Johnson v. State*, 560 S.W.3d 224, 226 (Tex. Crim. App. 2018).

Hart's testimony in combination with Maria Escobedo's testimony is

sufficient to support the jury's conclusion that appellant moved away from the address in Clute and was living in part with his sister and elsewhere at the time of his May 2016 verification. And therefore, appellant failed to register his change of address as required by statute. *See* Tex. Code Crim. Proc. Ann. art. 62.055(a). Under the applicable standard of review, we conclude that a rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *see also Cloud v. State*, 579 S.W.3d 788, 792 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

We overrule appellant's issue 1.

## B. Appellant's voluntary absence from trial

In issue 2, appellant claims the trial court erred in proceeding with the trial despite appellant's absence. Appellant does not argue or cite to any evidence to support the conclusion that his absence from trial was anything but voluntary. Appellant contends only that the trial court should have delayed the trial proceedings for at least two or three hours, instead of only 30 minutes. However, the State argues appellant did not preserve error on this issue.

When an individual's freedom is at risk, the Code of Criminal Procedure requires a defendant be present when the State presents a case against him at trial.[3] *See* Tex. Code Crim. Proc. Ann. art. 33.03. However, "when the defendant voluntarily absents himself after pleading to the indictment or information, or after

---

[3] The U.S. and Texas constitutions both guarantee that a criminal defendant has the right to be physically present during all phases of the proceedings. U.S. Const. amend. VI.; Tex. Const. art. 1, § 10; *accord Illinois v. Allen*, 397 U.S. 337, 338–39 (1970); *Miller v. State*, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985). "[W]ithin the scope of the right of confrontation is the absolute requirement that a criminal defendant who is threatened with loss of liberty be physically present at all phases of proceedings against him, absent a waiver of that right through defendant's own conduct." *Miller*, 692 S.W.2d at 90 (internal citations omitted) (quoting *Baltierra v. State*, 586 S.W.2d 553, 556 (Tex. Crim. App. 1979)). However, in this appeal, appellant only addresses his rights under Code of Criminal Procedure article 33.03.

the jury has been selected when trial is before a jury, the trial may proceed to its conclusion." *Id*. We review a trial court's ruling that the defendant has voluntarily absented himself from trial under an abuse of discretion standard. *See Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984). The validity of a trial court's decision that the defendant's absence was voluntary will generally have to be determined in hindsight. *Id*. "Absent any evidence from the defendant to refute the trial court's determination that his absence was voluntary, we will not disturb the trial court's finding." *Id*.

To preserve a complaint for appellate review, a defendant must make his complaint to the trial court by timely request, objection, or motion that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. *See* Tex. R. App. P. 33.1(a). Confrontation Clause claims and a defendant's rights under article 33.03 are subject to this general preservation requirement. *See Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010) (Confrontation Clause claims); *Routier v. State*, 112 S.W.3d 554, 575 (Tex. Crim. App. 2003) (rights under article 33.03). While the trial court did not explicitly find that appellant voluntarily absented himself, the trial court's decision to proceed with trial proceedings reflected an implicit finding that appellant's absence was voluntary. Defense counsel did not object on any grounds, including the Confrontation Clause or Code of Criminal Procedure article 33.03, nor did he argue that appellant's absence was involuntary or ask for a continuance. We hold that appellant has failed to preserve this complaint for appellate review. *See* Tex. R. App. P. 33.1(a); *Routier*, 112 S.W.3d at 575; *see also Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010) (per curiam) (reviewing court should not address merits of an issue that has not been preserved for appeal).

We overrule appellant's issue 2.

9

### III. CONCLUSION

We affirm the judgment of the trial court as challenged on appeal.

/s/    Charles A. Spain
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.

Do Not Publish —Tex. R. App. P. 47.2(b).